*E-FILED - 12/22/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR BETANCOURT,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT,<br><br>    Defendant. | No. C 07-0164 RMW (PR)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docket No. 16) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the San Francisco County Sheriff's Department ("Sheriff's Department") based on conditions of his confinement at the San Bruno County Jail, where plaintiff was formerly housed.[1] The court found the complaint, when liberally construed, stated a cognizable claim for relief and ordered it served upon defendant. Defendant has filed a motion for summary judgment. Although given an opportunity to do so, plaintiff did not file an opposition.

## BACKGROUND[2]

On October 5, 2004, plaintiff was admitted to the San Bruno County Jail. Between January 29, 2005 and February 17, 2005, plaintiff received daily medical treatment from jail medical personnel for an abscess behind his ear. (Goldenson Decl. at ¶¶ 9-16.) In addition, he was taken to San Francisco General Hospital on February 3, 2005, where the wound was

---

[1] Plaintiff is no longer incarcerated.

[2] Except where noted, this background is not disputed by the parties.

G:\PRO-SE\SJ.Rmw\CR.07\Betancourt164msjgrant.wpd 1

drained, and he was prescribed antibiotics. (Id. at ¶ 14.) On August 9, 2005, plaintiff was seen by medical personnel, diagnosed with acne on his face, and advised to clean his face and apply cream. (Id. at ¶ 17.) From September 12, 2005 until September 30, 2005, plaintiff received daily care for redness and swelling on his forearm, including drainage of the wound, antibiotics and pain medication. (Id. at ¶¶ 18-19.) In January 2006, medical staff saw plaintiff for an abscess and lesion on his legs, and he thereafter received wound treatment and antibiotics until they healed. (Id. at ¶¶ 20-22.).

The abscesses plaintiff suffered were attributable to a staph infection. (Id. at ¶ 7.) Plaintiff claims that on July 13, 2006, he received a blanket from the Sheriff's Department that was infected by the staph virus and from which plaintiff contracted an infection.

## DISCUSSION

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

1  genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over
2  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."
3  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is not the task of the court to
4  scour the record in search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279
5  (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable
6  particularity, the evidence that precludes summary judgment.  Id.  If the nonmoving party fails to
7  make this showing, "the moving party is entitled to judgment as a matter of law."  Celotex Corp
8  v. Catrett, 477 U.S. at 323.

9  As there has been no opposition or evidence filed by plaintiff, the court has treated his
10 verified complaint as an opposing affidavit under Rule 56 to the extent it is based on
11 personal knowledge and sets forth specific facts admissible in evidence.  See Schroeder v.
12 McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

13 B.   Plaintiff's Claim

14 Plaintiff alleges that during his incarceration at the San Francisco County Jail, the
15 Sheriff's Department gave him a blanket infested with a virus due to the neglected hygiene at the
16 jail.  Plaintiff does not name any individual defendants, nor does he allege any conduct by any
17 individuals at the jail or in the Sheriff's Department.  Rather, he simply sues the Sheriff's
18 Department, which, as a municipal entity, is only liable for monetary damages[3] under 42
19 U.S.C. § 1983 where official policy or custom causes a constitutional tort.  Monell v.
20 Dep't of Social Servs., 436 U.S. 658, 690 (1978); Fuller v. City of Oakland, 47 F.3d 1522,
21 1534 (9th Cir. 1995).  To impose municipal liability under § 1983 for a violation of
22 constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional
23 right of which he or she was deprived; (2) that the municipality had a policy; (3) that this
24 policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)
25 that the policy is the moving force behind the constitutional violation.  Plumeau v. School
26 Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

27 There is no evidence in this case of any policy or practice at the Sheriff's

28

---

[3] Plaintiff only seeks monetary damages.

1  Department that led to the alleged constitutional violation. Liability based on a municipal
2  policy may be satisfied one of three ways: (1) by alleging and showing that a city or
3  county employee committed the alleged constitutional violation under a formal
4  governmental policy or longstanding practice or custom that is the customary operating
5  procedure of the local government entity; (2) by establishing that the individual who
6  committed the constitutional tort was an official with final policymaking authority and
7  that the challenged action itself was an act of official governmental policy which was the
8  result of a deliberate choice made from among various alternatives, or (3) by proving that
9  an official with final policymaking authority either delegated policymaking authority to a
10 subordinate or ratified a subordinate's unconstitutional decision or action and the basis for
11 it.  See Fuller, 47 F.3d at 1534.

12       Even assuming that plaintiff could prove that he received an "infested blanket," there is
13 no evidence indicating that the Sheriff's Department had a policy or practice of distributing
14 infected blankets to inmates generally.  Plaintiff's allegation, even if true, is of a single incident
15 in which the Sheriff's Department distributed an "infested" blanket.  Proof of a single incident of
16 unconstitutional action by a non-policymaking employee are insufficient to establish the
17 existence of a municipal policy or custom.  See McDade v. West, 223 F. 3d 1135, 1142 (9th Cir.
18 2000); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Thompson v. City of Los Angeles,
19 885 F.2d 1439, 1444 (9th Cir. 1989).  Plaintiff has not alleged, or submitted any evidence that
20 there were any other similar incidents.  He has also not shown any evidence of a formal or
21 written policy or custom of distributing unhygienic blankets.  Indeed, defendant has presented
22 evidence of just the opposite, that the Sheriff's Department has a formal policy of distributing
23 clean linen once a week and a clean blanket monthly.  (Dyer Decl. at ¶ 4 & Ex. A ¶ AA.)
24 Plaintiff also has not alleged or presented any evidence as to who distributed the allegedly
25 infected blanket, let alone that an official with final policymaking authority either distributed it,
26 delegated policymaking authority to a subordinate who distributed it, or ratified the
27 subordinate's distribution of it.  Inferring the existence of a policy or practice of distributing
28 infected blankets from the single incident alleged by plaintiff would be highly speculative.

"When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom." Trevino, 99 F.3d at 920.  "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." Thompson, 885 F.2d at 1444.  In the absence of any evidence from which a reasonable inference can be drawn that the alleged distribution of an infected blanket resulted from a policy or practice, the Sheriff's Department cannot be held liable under § 1983 for monetary damages.

Furthermore, plaintiff has not created a genuine issue of material fact that he suffered a constitutional violation in the first instance.  The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Farmer, 511 U.S. at 834.

Although a blanket that has been "infested" with a virus would certainly amount to a dangerous condition, plaintiff has offered no evidence, beyond his own speculation, that the blanket he received was in fact contaminated.  Defendant has presented an opinion by a medical doctor that it is "extremely unlikely" that a virus could be contracted from a blanket; rather the virus is usually contracted from another inmate by hand contact, sharing hygiene items or athletic equipment contact sports, or sharing of needles in drug use or tattoos. (Goldman Decl. ¶7.)  Moreover, plaintiff's medical history indicates that plaintiff did not contract the virus from the blanket because plaintiff was being treated for abscesses attributable to a staph infection in 2005, long before he allegedly received the infected blanket in July 2006.  Although plaintiff alleges that he continued to suffer medical problems after receiving the blanket, there is no evidence that these problems resulted from the blanket, or from any other unhygienic condition attributable to

1  deliberate indifference by the Sheriff's Department.[4]  Consequently, there is no genuine
2  issue of material fact that defendant violated plaintiff's constitutional rights.
3  Accordingly, the Sheriff's Department is entitled to summary judgment on plaintiff's
4  claims.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (Docket No. 16)  is GRANTED.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  __12/22/08__          *Ronald M. Whyte*
                              _____
                              RONALD M. WHYTE
                              United States District Judge

---

[4]Even if there were evidence of negligence or gross negligence by the Sheriff's Department, this would not amount to a constitutional violation.  See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994)